UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JOSE CORTES, | : | |
|     Plaintiff, | : | No. 3:18-cv-923 (VLB) |
| | : | |
| v. | : | February 22, 2019 |
| | : | |
| DEPARTMENT OF CORRECTIONS, | : | |
|     Defendant. | : | |
| | : | |

### ORDER DENYING MOTION FOR RECONSIDERATION [DKT. 26] AND MOTION TO AMEND [DKT. 27]

Plaintiff Jose Cortes filed his complaint *pro se* under 5 U.S.C. §§ 552 and 552a alleging that Defendant, Department of Correction, improperly rejected his book order. Plaintiff sought damages and an order that he receive his books.

As required for prisoner civil complaints under 28 U.S.C. § 1915A (2000), the Court conducted an initial review of Plaintiff's complaint to identify cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

As laid out in the Court's Initial Review Order, *see* [Dkt. 15], Plaintiff's action pursuant to 5 U.S.C. §§ 552 and 552a for violation of his rights to freedom of information and to petition the government for redress of grievances in connection with the rejection of his requests for copies of Black's Law Dictionary and the New Oxford American Dictionary failed to state a claim. First, the Court concluded that Plaintiff had no basis for a freedom of information claim because the federal Freedom of Information Act, 5 U.S.C. § 552, applies only to the federal government,

1

not state agencies such as the Department of Correction named by Plaintiff. *See* [Dkt. 15 at 2-3 (citing *Crowder v. Farinella*, No. 3:17-cv-1135(VAB), 2017 WL 3392546, at *6 (D. Conn. Aug. 7, 2017))]. Next, the Court accounted for a liberal construction of Plaintiff's Complaint, considering any alternative potential claim pursuant to 42 U.S.C. § 1983. The Court concluded that Plaintiff did not name a proper § 1983 defendant, *see id.* at 3 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies cannot be sued under section 1983)), and even if he had, the Complaint fails to allege facts supporting any cognizable § 1983 claim. *See id.* at 3-4. Finally, the Court highlighted that Plaintiff has no constitutional right to have a dictionary. *See id.* at 4 (citing *Brown v. Nelson*, No. 05 Civ. 4498(RJS), 2008 WL 4104040, at *6 (S.D.N.Y. Aug. 29, 2008) (no constitutional requirement for inmate to have dictionary)). Accordingly, the Court dismissed Plaintiff's Complaint.

The Court's December 13, 2018 order dismissing the case specified that the dismissal was without prejudice to refiling an amended complaint asserting a viable claim within 35 days of the order. *See id.* at 5. Pursuant to that order, Plaintiff had until January 17, 2019 to file an amended complaint. In two motions dated February 12, 2019, Plaintiff seeks reconsideration of the dismissal, [Dkt. 26], and leave to amend his Complaint, [Dkt. 27]. Both of these motions are DENIED as untimely and for failure to state grounds upon which the requested relief should be granted, as discussed below.

    A. <u>Motion for Reconsideration</u>

Plaintiff's Motion for Reconsideration is essentially a motion for relief from

a judgment or order under Federal Rule of Civil Procedure 60. Rule 60 provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

District of Connecticut Local Rule 7(c) further specifies that motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." The Local Rule requires that a party file any such motion within 7 days of the filing of the decision or order from which relief is sought and that it be accompanied by a memorandum setting out the controlling decisions or data the party believes the Court overlooked. D. Conn. L.R. 7(c)(1).

Plaintiff's Motion for Reconsideration was filed more than two months after the Court entered its Initial Review Order and dismissal, well beyond the 7 days allowed under the Local Rule. The Motion argues only that the dismissal under § 1915 was improper because Plaintiff's motion for leave to proceed in forma pauperis had already been granted. *See* [Dkt. 26 at 1-2]. This argument fails, as the Court still must conduct an initial review of a prisoner civil complaint and dismiss claims lacking merit regardless of a prisoner's in forma pauperis status. *See* 28 U.S.C. § 1915A. Further, Plaintiff makes no argument that the Court overlooked any law or facts or any other argument which would entitle him to the

relief requested under Rule 60 or Local Rule 7(c).  Plaintiff provides no basis for reconsideration of the Initial Review Order and dismissal.  As such, Plaintiff's Motion for Reconsider is DENIED.

   B. <u>Motion to Amend</u>

Plaintiff filed his motion to amend two months after the Court's Initial Review Order, well outside the 35 days allowed by the Court for amendment.  Plaintiff fails to state good cause for missing the deadline set by the Court.  As such, the motion is untimely.

Additionally, Plaintiff did not provide a proposed amended complaint, as required by the Court's Order.  *See* [Dkt. 15 at 5].  Without a proposed amended complaint, the Court has no basis on which to believe that amendment would not be futile.  While Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires, such leave must be denied when amendment would be futile.  *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  Amendment is futile when the amended complaint would not survive a motion to dismiss.  *Id.* ("[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss.").

As laid out *infra*, the Court already concluded that Plaintiff failed to state a claim upon which relief could be granted, requiring dismissal of his Complaint.  *See* [Dkt. 15].  Plaintiff's Motion to Amend does not state or otherwise suggest how Plaintiff would change his Complaint.  He provides no new legitimate congnizable bases for his claims which could allow the Court to conclude that his amended

4

complaint would survive initial review or a motion to dismiss. Nor can the Court imagine any cognizable claims based on the facts Plaintiff alleged. As such, amendment would be futile and Plaintiff's Motion must be DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, [Dkt. 26], and Motion to Amend, [Dkt. 27], are DENIED.

SO ORDERED.

Dated this 22nd day of February 2019, at Hartford, Connecticut.

/s/
Vanessa L. Bryant
United States District Judge